1  PAUL B. SNYDER
   United States Bankruptcy Judge
2  1717 Pacific Ave, Suite 2209
   Tacoma, WA 98402
3

4                                         __✓_FILED
                                          ____LODGED
                                          ____RECEIVED

5                                        **November 2, 2007**

6                                        MARK L. HATCHER
                                  CLERK U.S. BANKRUPTCY COURT
                                  WESTERN DISTRICT OF WASHINGTON
7                                         AT TACOMA
                                  _____DEPUTY

8            **UNITED STATES BANKRUPTCY COURT**
        **WESTERN DISTRICT OF WASHINGTON AT TACOMA**
9

10   In re:
                                            Case No. 05-51412
11   JEFFREY CONRAD,

12
                         Debtor.
13   JEFFREY CONRAD,                        Adversary No. 07-4095

14                       Plaintiff,
                                            **MEMORANDUM DECISION**
15       v.

16   NMTC INC., dba MATCO TOOLS,            **NOT FOR PUBLICATION**

17                       Defendant.

18

19       This matter came before the Court on October 2, 2007, on a Motion to Dismiss filed by

20   NMTC, Inc., dba Matco Tools (Matco).  Pursuant to Fed. R. Civ. P. 12(b)(6), made applicable

21   by Fed. R. Bankr. P. 7012(b), Matco seeks to dismiss the Complaint for Violation of the

22   Automatic Stay and for Forgery (Complaint) filed by Jeffrey Conrad (Debtor).  Based on the

23   evidence, pleadings and arguments presented, the Court's findings of fact and conclusions of

24   law are as follows:

25


MEMORANDUM DECISION - 1

## FINDINGS OF FACT

On October 12, 2005, the Debtor filed a petition for relief under Chapter 7 of Title 11. The Debtor listed Matco as a creditor on his Creditor Matrix. Docket entries in the Debtor's bankruptcy case, No. 05-51412, indicate that although Matco was listed in the Creditor Matrix, no address was provided, and Matco was not given notice of the Debtor's Chapter 7 bankruptcy filing. The Debtor subsequently included Matco's address in his Schedule F included in his balance of schedules filed November 22, 2005, but there is no indication that Matco was sent notice of the bankruptcy upon the filing of these schedules.

The Complaint alleges that Matco received actual notice of the Debtor's bankruptcy as evidenced from the adversary complaint Matco filed against the Debtor. The Claims Register indicates that on January 25, 2006, Matco filed a Proof of Claim, dated January 20, 2006. Matco's Amended Proof of Claim, filed October 10, 2006, indicates Matco has an unsecured claim of $11,453.31. On January 31, 2006, Matco commenced Adversary Proceeding No. 06-4032, seeking a determination that its debt was nondischargeable. The Debtor's answer to Matco's complaint sets forth, by way of counterclaim, an action against Matco for violating the automatic stay. On August 17, 2006, the Debtor converted his bankruptcy to a Chapter 13. As a result of the conversion, Adversary Proceeding No. 06-4032 was dismissed by Matco without prejudice on September 6, 2006.

According to the Complaint in the current adversary proceeding, on November 25, 2005, Matco caused a statement to be delivered to the Debtor entitled "Monthly Statement of Account" (Statement). This Statement, contained in Exhibit A to the Complaint, sets forth the account balance as of November 25, 2005, the minimum due that month, the amount past

MEMORANDUM DECISION - 2

due, and the total due by December 16, 2005.  It contains the following language, set forth in a box created by asterisks:

> Please return the bottom portion of this statement, along with your check, money order, or credit card information.  Please make payments payable to MATCO TOOLS.  Be sure to include your account number on your check or money order. We can be reached at 1-800-472-0012 from 8:00 a.m. – 9:00 p.m. EST.

The Statement also sets forth in all capital letters, "MATCO IS NOW REPORTING THE STATUS OF ALL ACCOUNTS TO NATIONAL CREDIT BUREAUS."

On January 12, 2006, one of Matco's employees telephoned the Debtor and demanded payment of the debt that had been listed in the Debtor's bankruptcy case.  The Complaint alleges that the employee threatened to send a representative from Matco to the Debtor's home and his work to collect the debt or take back the tools.

On January 27, 2006, Matco caused another statement (Second Statement) to be delivered to the Debtor.  The Second Statement, contained in Exhibit B to the Complaint, is identical in language to the Statement, except for the amounts due.

The Debtor further alleges in the Complaint that on multiple occasions after the bankruptcy case was filed, Jim Odoms, an agent of Matco, demanded payment from the Debtor for his Matco obligation.

The Debtor filed the current adversary proceeding on July 19, 2007, alleging violation of the automatic stay under 11 U.S.C. § 362(h)[1].  The Debtor seeks damages in an unspecified amount, including attorney fees and punitive damages if appropriate.  On

---

[1] Former section 362(h) was amended and redesignated as section 362(k), by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, effective in cases commenced on or after October 17, 2005.  Because the Debtor's bankruptcy case was filed October 12, 2005, former section 362(h) applies.

MEMORANDUM DECISION - 3

September 10, 2007, Matco filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Rule 12(b)(6)). After a hearing, the parties filed additional pleadings on the issues raised.

**CONCLUSIONS OF LAW AND DISCUSSION**

In order for a court to grant a motion to dismiss under Rule 12(b)(6), it must be established that the plaintiff has failed "to state a claim upon which relief can be granted." While a complaint does not need detailed factual allegations, it requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc. 135 F.3d 658, 661 (9th Cir. 1998). While factual allegations in the complaint are assumed to be true, they "must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

In ruling on a motion to dismiss, a court usually "'may not consider any material beyond the pleadings.'" Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)). If a court considers evidence outside the pleadings, it normally must convert the Rule 12(b)(6) motion into a Fed. R. Civ. P. 56 motion for summary judgment and allow the nonmoving party an opportunity to respond. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003); Fed. R. Civ. P. 12(b). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

MEMORANDUM DECISION - 4

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Affidavits and declarations are not allowed as pleading exhibits unless they form the basis of a party's complaint. Ritchie, 342 F.3d at 908. In order for a court to take judicial notice of adjudicative facts, the facts must be indisputable, which occurs only if they are either "generally known" under Fed. R. Evid. 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Fed. R. Evid. 201(b)(2). Ritchie, 342 F.3d at 908-09.

Matco has requested this Court consider material outside the Complaint, including the following: docket report for Debtor's bankruptcy case No. 05-51412; Debtor's petition for relief and bankruptcy schedules; Creditor Matrix; Notice of Chapter 7 Bankruptcy Case and corresponding Certificate of Service; Time, Expense, and Compensation Listing Sheet attached as Exhibit A to the Application for Compensation filed by Debtor's attorney in the bankruptcy case; the Order Confirming Chapter 13 Plan; Matco's Amended Proof of Claim and attachments; the docket report for Adversary Proceeding No. 06-4032; and the complaint and answer filed in Adversary Proceeding No. 06-4032. The Debtor has not opposed the Court's consideration of any of the above documents. The Debtor also included in his response to the Motion to Dismiss additional material outside the Complaint, including Matco's original Proof of Claim and attachments.[2]

---

[2] In his response, the Debtor also included a declaration of his bankruptcy attorney. This declaration refers to facts in the Debtor's response that are supported by a deposition taken of the Debtor on July 14, 2006. To the extent these facts are not included in the Complaint, the Court will not consider them on Matco's Rule 12(b)(6) motion.

MEMORANDUM DECISION - 5

For purposes of Matco's Rule 12(b)(6) motion, the Court will consider all of the material outside the Complaint filed by both parties. This undisputed material primarily consists of pleadings contained in either the Debtor's bankruptcy case or Matco's adversary proceeding, of which this Court can take judicial notice.

Matco presents several arguments in support of its motion to dismiss.

## 1.    Standing

Matco first argues that the Debtor has no standing to pursue the adversary proceeding because the Order Confirming Chapter 13 Plan Dated 9/01/06 entered March 21, 2007, provides that all of the Debtor's claims are retained by the estate and are to be pursued by the Chapter 13 Trustee. This argument is not persuasive. Not only has Matco misread the Confirmation Order, but upon confirmation, all property of the estate vests with the Debtor, pursuant to 11 U.S.C. § 1327(b).

Matco also argues that the Debtor has no standing because in Matco's nondischargeability adversary proceeding, the Court's Order Dismissing Adversary Proceeding Without Prejudice permitted Matco to raise its debt as a matter of recoupment to the Debtor's Complaint. Matco asserts that "it is likely" that no unsecured creditor will receive any distribution from the Debtor's Chapter 13 case, and that the Debtor's damages will be less than Matco's claim of $11,453.31. According to Matco, because the only effect of the continued pursuit of the Debtor's claims would be to reduce the amount of Matco's claim, the Debtor has no standing. Matco assumes it will receive no distribution in the Debtor's bankruptcy, but the confirmed plan provides for a 3% distribution to general unsecured creditors. Furthermore, applying the Rule 12(b)(6) standard, there are no allegations in the Complaint or facts in the judicially noticed documents that suggest the Debtor's alleged

MEMORANDUM DECISION - 6

damages will be less than Matco's claims. Even assuming the facts as alleged by Matco are correct, Matco has not established as a matter of law in its Rule 12(b)(6) motion that the recoupment defense eliminates the Debtor's standing to make a claim under 11 U.S.C. § 362(h). Recoupment outside of the standing issue will be addressed further below.

## 2.   **Willful Stay Violation**

Former 11 U.S.C. § 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A willful violation occurs if (1) a party knew of the stay, and (2) its actions in violation of the stay were intentional. Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2002). Matco does not appear to dispute that for at least those actions occurring after it filed its Proof of Claim, its actions were willful and done with knowledge of the stay. Rather, Matco appears to contend that for purposes of Rule 12(b)(6), its actions did not violate the stay.

Matco relies on Morgan Guar. Trust Co. of New York v. Am. Savs. and Loan Ass'n, 804 F.2d 1487, 1491 (9th Cir. 1986), for its assertion that the Debtor must present evidence of coercion or harassment to establish a violation of the stay. It is questionable whether Morgan applies in this case. First, that case is factually distinguishable, as it dealt specifically with presentment of a negotiable instrument, and the presentment in that case was to an entity other than the debtor. Notably, in 1985, Congress amended 11 U.S.C. § 362 to provide that presentment of a negotiable instrument is not a violation of the § 362(a), as now codified in 11 U.S.C. § 362(b)(11). Second, Morgan was decided based on law that existed prior to the enactment of 11 U.S.C. § 362(h), the statute under which the Debtor currently seeks relief.

MEMORANDUM DECISION - 7

Even if <u>Morgan</u> were on point and applicable, however, the Rule 12(b)(6) standard requires the Court to look at the alleged facts in a light most favorable to the Debtor. In the Complaint, the Debtor alleged that after Matco filed its adversary petition in January, 2006, Matco sent a Second Statement to the Debtor, and an agent of Matco demanded payment from the Debtor on multiple occasions. One of the cases cited by the Ninth Circuit Court of Appeals in <u>Morgan</u> as an example of threats and harassment was <u>Gibson</u>, where the bankruptcy court held that the automatic stay was violated by "a creditor who made repeated visits and telephone calls to the debtor." <u>Morgan</u>, 804 F.2d at 1491 n.4 (citing <u>In re Gibson</u>, 16 B.R. 682, 683-84 (Bankr. S.D. Ohio 1981)). Assuming the Debtor's alleged facts to be true, the agent's demand for payment on multiple occasions may meet the standard articulated in <u>Morgan</u>. Furthermore, Matco's Second Statement, which provides that Matco is reporting the status of all accounts to national credit bureaus, can be construed as being more then a mere "request for payment." Accordingly, the Debtor has alleged sufficient facts upon which to state a claim under 11 U.S.C. § 362(h).

**3.     Recoupment**

Recoupment, an equitable defense, "'is the setting up of a demand arising from the *same transaction* as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim.'" <u>Newbery Corp. v. Fireman's Fund Ins. Co.</u>, 95 F.3d 1392, 1399 (9th Cir. 1996) (quoting 4 <u>Collier on Bankruptcy</u> ¶ 553.03, at 553-15 (15th ed. 1995)) (emphasis in original). Recoupment is "based on the premise that 'the defendant should be entitled to show that because of matters arising out of the transaction sued on, he or she is not liable in full for the plaintiff's claim.'" <u>Newbery Corp.</u>, 95 F.3d at 1401 (quoting <u>Collier</u> ¶ 553.03, at 553-17). "Recoupment is only a challenge to the validity and extent of the

MEMORANDUM DECISION - 8

plaintiff's claim, and no affirmative recovery is permitted." In re Al-Jiboury, 344 B.R. 218, 227-28 (Bankr. D. Mass. 2006) (quoting In re Jones, 289 B.R. 188, 192 (Bankr. M.D. Fla. 2002)). The respective claims of the plaintiff and defendant may arise either before or after commencement of the bankruptcy case, but both must arise out of the same transaction. In re Madigan, 270 B.R. 749, 754 (9th Cir. BAP 2001).

In order to determine if the two claims arose from the same transaction, the Court must apply the "logical relationship" test. Madigan, 270 B.R. at 754. A claim for recoupment is analogous to a compulsory counterclaim; both require a determination of whether the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Madigan, 270 B.R. at 755 (quoting Fed. R. Civ. P. 13(a)). In the Ninth Circuit,

> [a] logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.

Madigan, 270 B.R. at 755 (quoting Pinkstaff v. United States (In re Pinkstaff), 974 F.2d 113, 115 (9th Cir. 1992)). Courts applying this test have required, "'only that the obligations be sufficiently interconnected so that it would be unjust to insist that one party fulfill its obligation without requiring the same of the other party.'" Madigan, 270 B.R. at 755 (quoting 5 Collier on Bankruptcy ¶ 553.10[1] (15th ed. rev. 2001)). The word "transaction" is given both a liberal and flexible construction. Madigan, 270 B.R. at 755.

The issue before the Court is whether the Debtor's 11 U.S.C. § 362(h) complaint arises out of the same transaction as Matco's underlying claim of $11,453.31 for tools sold to the Debtor. Included in this issue is the question of whether the recoupment defense can be applied to a § 362(h) action. Matco relies on Cox v. Billy Pounds Motors, Inc. (In re Cox), 214

MEMORANDUM DECISION - 9

B.R. 635 (Bankr. N.D. Ala. 1997), in which an Alabama bankruptcy court allowed a creditor to assert recoupment against the debtor's claim for damages under § 362(h). In so doing, the bankruptcy court held that the debtor's debt for purchase of a vehicle from the creditor, and the creditor's post-petition repossession of the vehicle in violation of the automatic stay, arose out of the same transaction. Cox, 214 B.R. at 647-48.

Assuming Matco is permitted to assert its recoupment defense against Debtor's claim for damages under 11 U.S.C. § 362(h)--a legal issue which the Court need not determine at this time--the only scenario under which the Creditor's defense would eviscerate the Debtor's claim is if the Debtor's damages did not exceed Matco's $11,453.31 claim. The Complaint does not specify an amount of damages, but requests damages, including attorney's fees and punitive damages as warranted. The Court previously viewed allegations of a stay violation in the light most favorable to the Debtor, and concluded that there are sufficient factual allegations upon which to adequately state a claim. The Court must now view the allegations of damages in the light most favorable to the Debtor. In so doing, the Court notes that while the Debtor has not specified a particular amount of damages, this is not an uncommon practice in notice pleading. Furthermore, there are no allegations in the Complaint or facts in the judicially noticed documents, which construed appropriately, support Matco's assertion that damages will in fact be less than $11,453.31. There is no factual basis to conclude that a recoupment defense would eviscerate the Debtor's § 362(h) claim so as to warrant relief under Rule 12(b)(6).

**4.    Damages**

Matco does not appear to dispute that attorney fees can be damages for purposes of an action under 11 U.S.C. § 362(h). Rather, Matco argues that the attorney fees incurred by

MEMORANDUM DECISION - 10

the Debtor as a result of the alleged stay violations were covered by the flat fee paid to Debtor's counsel, and thus no additional fees were incurred by Debtor. Matco, however, concedes that fees would have been incurred by the Debtor in pursuit of the stay violation action in the course of Matco's adversary proceeding. The Debtor confirmed that his attorney fees in Matco's adversary proceeding included time for prosecuting the stay violation action. Assuming the facts presented in the Complaint are true, the Debtor has presented sufficient evidence of damages upon which to state a stay violation claim.

### 5. Matco Agent

In its post-hearing brief, Matco argued that Jim Odoms was an independent contractor, and any intentional acts he may have performed were not in furtherance of Matco's business. Matco points to the documents attached to its Proof of Claim in support of its position that Odoms was owed a separate obligation by the Debtor, and thus was not an agent of Matco's. The Complaint, however, alleges that Jim Odoms is an agent of Matco and that he demanded payment from the Debtor for his Matco obligation. This Court is required to assume the facts alleged in the Complaint are true. Moreover, the documents attached to the Proof of Claim can be construed to support the Debtor's allegation.

Accordingly, Matco's motion to dismiss filed pursuant to Rule 12(b)(6) is denied.

DATED:     November 2, 2007

_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 11